UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

RALPH E. TEDESCHI and ELEANOR   :
TEDESCHI,   :
   :
   Plaintiffs,   :
   :   Civil Action No. 09-03134 (JAP)
   v.   :
   :   **OPINION**
MAXWELL B. SMITH III, HOLLY H. SMITH,   :
DEBORAH EVARTS, CANTONE RESEARCH,   :
INC., MERRILL LYNCH & CO., INC. AND   :
MERRILL LYNCH, PIERCE, FENNER &   :
SMITH INC.,   :
   :
   Defendants.   :
_____:

PISANO, District Judge.

Plaintiffs Ralph and Eleanor Tedeschi have brought this action against Defendants

Maxwell Smith, Holly Smith, Cantone Research Inc., Merrill Lynch & Co. and Merrill Lynch,

Pierce, Fenner & Smith Inc. for fraudulently inducing them to invest $360,000 in a non-existent

investment product.  On August 31, 2009, Plaintiffs filed a Notice of Voluntary Dismissal

removing all claims against defendant Merrill Lynch & Co. without prejudice.  On November

11, 2009, Plaintiffs entered a stipulated dismissal of all claims against Maxwell and Holly Smith

with prejudice and against Deborah Evarts without prejudice.  Presently before the Court is a

motion to dismiss submitted by Merrill Lynch, Pierce, Fenner & Smith Inc. ("Moving

Defendant") and a cross-motion by Plaintiffs for leave to amend their complaint.  As to the

Moving Defendant, Plaintiffs allege claims for violations of the federal Racketeer Influenced and

Corrupt Organizations Act ("RICO"), the New Jersey Racketeer Influenced and Corrupt

Organizations Act ("NJ RICO"), and a breach of supervisory duty.  This Court has original

jurisdiction to hear this dispute pursuant to 28 U.S.C. § 1331.  The Court heard oral arguments

on January 5, 2010.   For the reasons set forth herein, the Court grants Moving Defendant's

motion to dismiss and denies Plaintiffs' cross-motion to amend.

I.        **Background**

Plaintiffs Ralph and Eleanor Tedeschi are an elderly couple from Ohio who had

accumulated a considerable amount for retirement from various investments.  First Amended

Compl., ¶ 13-14.  In 1999, Plaintiffs' son introduced them to Maxwell Smith, a licensed broker

and financial advisor, to discuss financial planning.  *Id.* ¶ 15.  In 2003, Ralph and Eleanor

transferred their existing investment accounts to Smith's brokerage firm to be managed by

Smith.  *Id.* ¶ 16.  In 2005, Smith changed employment and began working at Cantone, a

securities and brokerage firm located in Tinton Falls, New Jersey.  *Id.* ¶ 18.  Plaintiffs

subsequently transferred their investment account to Cantone.  *Id.* ¶ 19.

In 2007, while still employed by Cantone, Smith marketed and sold to the Plaintiffs an

investment called the Health Care Financial Partnership ("HCF Investment").  *Id.* ¶ 20.  Smith

represented to Eleanor and Ralph that the HCF Investment was a secure, tax-free investment

which paid a high level of interest income by investing in a diversified portfolio or high yielding

income projects sold to finance or refinance health care facilities.  *Id.* ¶ 23.  Smith claimed that

such an investment would be consistent with Plaintiffs' conservative investment goals.  *Id.* ¶ 24.

Despite having a prospectus, the HCF Investment was at all times a "phony, non-existent

company and a sham investment product."  *Id.* ¶ 21.  Unaware of this fact, Plaintiffs between

October 2007 and April 2008 invested $360,000 in the HCF Investment.  *Id.* ¶ 26.

In order to invest in HCF, Plaintiffs at the direction of Smith made their four checks

payable directly to Merrill Lynch, but mailed the checks to the HCF Investment mailbox at 331

West 57th St., Dept. PMB-451, New York, NY 10019.  *Id*. ¶ 31.  Such checks were deposited

into a Merrill Lynch account numbered 891-36641 held by Maxwell and Holly Smith.  *Id*. ¶ 32.

The Merrill Lynch account "was opened, maintained and utilized by Maxwell and Holly Smith

for the sole purpose of facilitating a fraudulent scheme."  *Id*. ¶ 33.  In total, Smith induced

multiple victims including Plaintiffs to deposit over $8 million into the Merrill Lynch account;

the victims believed the account was for the HCF investment when in fact it was "maintained for

the sole benefit and use of Maxwell and Holly Smith."  *Id*. ¶ 35.  After funds were deposited,

Maxwell and Holly Smith withdrew the funds for their own personal use and benefit.  *Id*. ¶ 36.

In order to effectuate this Ponzi scheme, Smith periodically issued interest income checks to

victims as returns on the HCF investment.  *Id*. ¶ 36.

On June 26, 2009, Plaintiffs filed their original complaint against Defendants which was

amended on July 17, 2009.  As to Moving Defendant Merrill Lynch, Plaintiffs allege claims for

violations of the federal Racketeer Influenced and Corrupt Organizations Act, the New Jersey

Racketeer Influenced and Corrupt Organizations Act and a claim for breach of supervisory duty.

II.     **Discussion**

a.  **Motion to Dismiss Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if

the complaint fails to state a claim upon which relief can be granted.  Refashioning the

appropriate standard, the United States Supreme Court found that, "[w]hile a complaint attacked

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also*

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for

motion to dismiss does not require courts to accept as true "unsupported conclusions and

unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal

quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a

right to relief above the speculative level, . . . on the assumption that all the allegations in the

complaint are true (even if doubtful in fact) . . . ."  *Twombly*, 550 U.S. at 555 (internal citations

and footnote omitted).

      **b.  Legal Analysis**

          i.  RICO Claims

                1.  **Count VIII: Violation of Section 1962(c)**

In Count VIII, Plaintiffs claim that Defendants violated section 1962(c) of the federal

RICO Act.  Section 1962(c) provides that

> [i]t shall be unlawful for any person employed by or associated with any
> enterprise engaged in, or the activities which affect, interstate or foreign
> commerce, to conduct or participate, directly or indirectly, in the conduct of such
> enterprise's affairs through a pattern of racketeering activity or collection of
> unlawful debt.

18 U.S.C. § 1962(c).  Hence under this section, a plaintiff must allege (1) conduct (2) of an

enterprise (3) through a pattern (4) of racketeering activity.  *Lum v. Bank of Am.*, 361 F.3d 217,

223 (3d Cir. 2004).  The RICO statute defines a pattern of racketeering activity as requiring at

least two predicate acts of racketeering within a ten year period.  18 U.S.C. § 1961(5).

Moreover, under § 1962(c), all predicate acts in a pattern must somehow be related to the

enterprise and amount to or pose a threat of continued criminal activity.  *H.J. Inc. v.*

*Northwestern Bell Tel. Co.,* 492 U.S. 229, 239 (1989); *Banks v. Wolk*, 918 F.2d 418, 424 (3d Cir.

1990).  Under the relatedness requirement, "predicate acts are related if they 'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.'" *Tabas v. Tabas*, 47 F.3d 1280, 1292 (3d Cir. 1995) (quoting *H.J.*, 492 U.S. at 240).  Under the continuity requirement, a plaintiff must establish either (1) continuity "over a closed period by proving a series of related predicate acts extending over a substantial period of time" or (2) continuity that is "a regular way of conducting defendant's ongoing legitimate business (in the sense that it is not a business that exists for criminal purposes)." *H.J.*, 492 U.S. at 243.

Additionally, in order to assert a proper RICO claim, a plaintiff must "allege and prove the existence of two distinct entities: (1) a person; and (2) an enterprise that is not simply the same person referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001).  The RICO statute defines enterprise as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).  "If the members of the enterprise are the same as the persons, the distinctness requirement has not been met, as the 'person' and the 'enterprise' must not be identical." *Zavala v. Wal-Mart Stores, Inc.*, 447 F. Supp. 2d 379, 383 (D.N.J. 2006).   In order to establish an enterprise, a plaintiff must provide "(1) proof of an ongoing organization, (2) proof that the associates function as a continuing unit, and (3) proof that the enterprise is an entity separate and apart from the pattern of activity in which it engages." *HT of Highlands Ranch, Inc. v. Hollywood Tanning Systems, Inc.,* 590 F. Supp. 2d 677, 689 (D.N.J. 2008).  For a motion to dismiss, a plaintiff must plead "facts indicating that the various associates functioned as a unit," but is not required "to allege the elements to prove that an enterprise actually exists." *Id.*

Plaintiffs must also demonstrate that the RICO person "participate[d] . . . in the conduct of the enterprise's affairs" by showing that the individual participated in the "operation and management" of the enterprise.  *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993).  In satisfying the "operation and management" test, a plaintiff must demonstrate "'a nexus between the person and the conduct in the affairs of an enterprise.'"  *United States v. Parise*, 159 F.3d 790, 796 (3d Cir. 1998) (quoting *Univ. of Md. v. Peat, Marwick, Main & Co.,* 996 F.2d 1534, 1539 (3d Cir. 1993)).  RICO liability can be established by showing that the individual "knowingly further[ed] the illegal aims of the enterprise by carrying out the directives of those in control."  *Parise*, 159 F.3d at 796.  The individual must take "*some* part in directing the enterprise's affairs"; however, "[s]imply because one provides goods or services that ultimately benefit the enterprise does not mean that one becomes liable under RICO as a result."  *Reves*, 507 U.S. at 179; *Univ. of Md.*, 996 F.2d at 1539.

Plaintiffs Ralph and Eleanor Tedeschi have failed to allege a valid RICO § 1962(c) violation.  First, Plaintiffs have not adequately alleged two predicate acts by Merrill Lynch that constitute a pattern of racketeering.  In their complaint, Plaintiffs failed to allege that Merrill Lynch engaged in mail fraud, wire fraud, money laundering or any other enumerated act.  In fact, Plaintiffs have limited such claims of predicate acts solely to the actions of Maxwell Smith and Cantone.  First Amended Compl., ¶ 89.  Further, the only act engaged in by Merrill Lynch that Plaintiffs identify is the opening and maintaining of a bank account.  *Id*. ¶¶ 33-34.  Therefore, in the absence of any claim for predicate acts which would constitute a pattern of racketeering activity, Plaintiffs have failed to plead a valid claim under § 1962(c) of RICO.

Further, Plaintiffs have failed to satisfy both the distinctiveness and continuity requirements for RICO liability.  In their complaint, Plaintiffs' claims violated the distinctiveness

requirement by alleging that Merrill Lynch and the other Defendants are both  "persons" within

the meaning of 18 U.S.C. ¶ 1961(3) and "enterprises" within the meaning of 18 U.S.C. §

1961(4).  *Id*. ¶¶ 87-88.  Moreover, Plaintiffs' allegations are not consistent with the continuity

requirement because no facts are alleged that Merrill Lynch and the other Defendants acted as a

single, continuing unit.  Once again, Plaintiffs have only made claims that Maxwell Smith and

Cantone engaged in activities that would constitute a pattern of racketeering activity.  *Id*. ¶ 89.

Finally, Plaintiffs have not pled that Merrill Lynch participated in the "operation and

management" of the RICO enterprise.  Plaintiffs have not alleged any facts which would indicate

any nexus between Merrill Lynch and the alleged Ponzi scheme and certainly there are no claims

that Merrill Lynch "knowingly furthered" the illegal aims of the enterprise.  As discussed, the

only allegations detailed as to Merrill Lynch's involvement is the opening and maintaining of a

bank account utilized by the Smiths for their own personal use.  *Id*. ¶¶ 33-35.  In fact, the

complaint clearly acknowledges that Maxwell Smith was the individual responsible for the

alleged pattern of racketeering and was the party in control of the bank account.  *Id*. ¶ 33-35, 89-

90.

Therefore, Plaintiffs have failed to plead a claim for violation of RICO § 1962(c) and

Count VIII is dismissed.

### 2.  **Count IX: Violation of Section 1962(a)**

In Count IX, Plaintiffs claim that Defendant violated section 1962(a) of the federal RICO

Act.  Section 1962(a) provides:

> It shall be unlawful for any person who has received any income derived, directly
> or indirectly, from a pattern of racketeering activity or through collection of an
> unlawful debt in which such person has participated as a principal within the
> meaning of 18 U.S.C. § 2, to use or invest, directly or indirectly, any part of such
> income, or the proceeds of such income, in acquisition of any interest in, or the

establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a).  Hence, under this section, a plaintiff must allege (1) that the defendant has received money from a pattern of racketeering activity; (2) invested that money in an enterprise; and (3) that the enterprise affected interstate commerce.  *Lightning Lube v. Witco Corp*, 4 F.3d 1153, 1188 (3d Cir. 1993).  Moreover, Plaintiffs must show an injury stemming from the investment of racketeering income, not merely from the pattern of racketeering.  *Rose v. Bartle*, 871 F.2d 331, 356 (3d Cir. 1989).

Similarly to § 1962(c), Plaintiffs have failed to plead a valid claim for § 1962(a) by failing to allege any predicate acts by Merrill Lynch. Further, Plaintiffs have not alleged that Merrill Lynch received money from the Ponzi scheme, invested that money back into the racketeering enterprise or that Plaintiffs were injured by Merrill Lynch's investment of racketeering income into the enterprise.  Plaintiffs argue that a "reasonable inference" can be gleaned that Merrill Lynch was involved in the scheme, yet have provided no information for which this Court could make such an inference beyond the fact that Smith had an account at Merrill Lynch.  Therefore, Plaintiffs have failed to plead a claim for violation of RICO § 1962(a) and Count IX is dismissed.

### 3.   **Count X: Violation of Section 1962(d)**

In Count X, Plaintiffs claim that Defendants violated section 1962(d) of the federal RICO Act.  Section 1962(d) makes it unlawful for any person to conspire to violate subsection (a), (b) or (c) of § 1962.  18 U.S.C. § 1962(d).  "Any claim under section 1962(d) based on conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient." *Lightning Lube*, 4 F.3d at 1191.

Here, Plaintiffs' claim for violation of § 1962(d) must be dismissed as the underlying substantive claims for violations of 1962(a) and (c) have been shown to be deficient.  Moreover, Plaintiffs have failed to allege facts supporting a claim for conspiracy beyond a mere blanket conclusion that the Defendants "conspired with each other."  First Amended Compl., ¶ 100. Therefore, Plaintiffs have failed to plead a claim for violation of RICO § 1962(d) and Count X is dismissed.

ii.   NJ RICO Claims

The federal RICO and NJ RICO statutory provisions are practically identical.  *See* N.J. Stat. Ann. § 2C:41-1, et seq.  Notably, NJ RICO does not formally require that defendants participate in the "operations or management" of the enterprise, but simply that a person has "a position or a functional connection with the enterprise that enables him or her to engage or participate directly or indirectly in the affairs of the enterprise."  *State v. Ball*, 141 N.J. 142, 175 (1995).   In order to show that a person participated in the affairs of an enterprise, a plaintiff must show that such a person acted "purposefully and knowingly in the affairs on the enterprise in the sense of engaging in activities that seek to further, assist or help effectuate the goals of the enterprise."  *Id*.

Plaintiffs have failed to plead valid NJ RICO claims under N.J. Stat. § 2C:41-2(a), (c) and (d).   Similar to the federal RICO claims, Plaintiffs have insufficiently plead facts that show Merrill Lynch engaged in predicate acts that constitute a pattern of racketeering activity or that Merrill Lynch purposefully or knowingly engaged in activities that furthered the enterprise. Further, Plaintiffs have not alleged that Merrill Lynch derived income from this racketeering activity and invested such income into the enterprise or that Merrill Lynch conspired with Defendants to violate the other sections of the NJ RICO statute.  Therefore, Plaintiffs have failed

to plead a claim for violation of NJ RICO under N.J. Stat. Ann. § 2C:41-2 and Count XI, XII and XIII are dismissed.

     iii. <u>Negligence</u>

  In Count XVII, Plaintiffs bring a claim of negligence against Merrill Lynch for breach of a supervisory duty.   A claim of negligence requires that a plaintiff prove facts showing a duty of care on the part of the defendant, a breach of that duty, proximate cause and actual damages. *Polzo v. County of Essex*, 196 N.J. 569, 584 (2008).  "There can be no actionable negligence if defendant or the act violated no duty to the injured plaintiff.  The question of the existence of duty is one of law and not one of fact." *Ryans v. Lowell*, 197 N.J. Super. 266, 274 (App. Div. 1984).  In determining whether a duty exists, a court weighs "the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." *Kernan v. One Wash. Park Urban Renewal Assocs.*, 154 N.J. 437, 445 (1998).  A broker-dealer does not owe a duty to a non-customer for claims that the broker-dealer was negligent in failing to detect and prevent fraudulent schemes perpetrated by customers of the broker-dealer. *Nicholas v. Saul Stone & Co. LLC*, No. 97-860, 1998 U.S. Dist. LEXIS 22977, *62-*65 (D.N.J. June 30, 1998).  No such duty exists because a duty of care only arises when the broker does business with the plaintiff and a relationship exists such that a defendant's actions create an unreasonable risk of harm to plaintiff or that injury to plaintiff was foreseeable. *Id*.

  In this case, Plaintiffs have failed to plead a claim of negligence because Merrill Lynch had no duty of care to the non-customer Plaintiffs.  In fact, Plaintiffs conceded in their opposition papers that "financial institutions generally owe[] no duty to a non-customer" and failed at oral arguments to point to any case law or regulatory provisions which establish such a duty to non-customer.  Nevertheless, Plaintiffs ask this Court to impose a duty on Merrill Lynch because a

special relationship existed between the Tedeschis and Merrill Lynch based on the sole fact that

the Plaintiffs made their checks out to Merrill Lynch. The mere fact, however, that Plaintiffs

made their checks payable directly to a financial institution at the direction of Maxwell Smith

does not create a "de facto" relationship in light of that fact that the Tedeschis at no time were

customers of Merrill Lynch or had any contact with Merrill Lynch or its employees. Hence,

there are insufficient facts presented for this Court to implement a duty of care to a non-customer

on behalf of Merrill Lynch. Therefore, Plaintiffs have failed to plead a claim for negligence as

no duty of care existed and Count XVII is dismissed.

iv. Cross-Motion to Amend

Plaintiffs have moved to amend their complaint against Merrill Lynch to add a claim for

aiding and abetting Maxwell Smith's breach of fiduciary duty and to amend their RICO claims

with additional facts from discovery. Pursuant to Federal Rule of Civil Procedure 15, leave to

amend the pleadings is generally given freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962);

*Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). However, the Court may deny a motion to

amend where there is "undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, [or] futility of the amendment."

*Foman*, 371 U.S. at 182. However, where there is an absence of undue delay, bad faith,

prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v.*

*Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

A proposed amendment is appropriately denied where it is futile. An amendment is futile

if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison*

*Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990) (internal quotation marks

and citations omitted).  In determining whether an amendment is "insufficient on its face," the

Court employs the Rule 12(b)(6) motion to dismiss standard.  *See Alvin*, 227 F.3d at 121.  Under

Rule 12(b)(6), a motion to dismiss will be granted if the plaintiff fails to articulate "enough facts

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  When determining whether a claim should be dismissed under Rule 12(b)(6), the

Court accepts as true all of the allegations contained in the complaint and draws reasonable

inferences in favor of the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

In this situation, Plaintiffs' motion to amend their complaint is denied because the

proposed amendments are futile.  Plaintiffs' addition of an aiding and abetting a breach of a

fiduciary duty claim warrants a denial because the proposed amendment would fail to state a

claim upon which relief could be granted.   A claim for civil aiding and abetting liability requires

a plaintiff to show that a defendant "'knows that the other's conduct constitutes a breach of duty

and gives substantial assistance or encouragement to the other . . . .'" *Failla v. City of Passaic*,

146 F.3d 149, 158 (3d Cir. 1998) (quoting Restatement (Second) of Torts § 876(b)).  Hence, an

"aider and abettor must willfully and knowingly associate himself with another's unlawful act."

*Id*.  Assuming that Maxwell Smith breached his fiduciary duty to the Plaintiffs, Plaintiffs have

not demonstrated that Merrill Lynch knew of Smith's breach or knowingly or willfully

associated with his unlawful activities.  Without such facts, Plaintiffs cannot support a claim for

aiding and abetting a breach of a fiduciary duty.  Therefore, Plaintiffs motion to amend their

complaint with the addition of this claim is futile.

Further, Plaintiffs motion to amend their RICO claims with addition facts uncovered

during discovery is also futile as any such facts would not affect the Court's decision to dismiss

such claims.  At oral argument, Plaintiffs requested leave to amend the complaint with the

additional facts discovered about the type of Merrill Lynch account which had been included in

the briefing.  This additional information, however, does not overcome or address the

deficiencies found in Plaintiffs' RICO claims.  As such, the proposed amendment is futile and

the motion to amend the complaint as to RICO claims is denied.

III.     **Conclusion**

For the reasons set forth above, the Moving Defendant's motion to dismiss is granted and

Plaintiffs' cross-motion to amend is denied.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge


Date: January 12, 2010